UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DE'VON L. WALKER,

        Plaintiff,

v.                                        Case No. 16-cv-1485-pp

PAUL LUDVIGSON, *et al.*,

        Defendants.

---

**ORDER DISMISSING DOE DEFENDANTS, AND DENYING PLAINTIFF'S MOTION FOR DISCOVERY (DKT. NO. 15)**

---

      Plaintiff De'Von L. Walker is representing himself. He filed a complaint under 42 U.S.C. §1983 against numerous defendants, including one Jane Doe defendant and four John Doe defendants. Dkt. No. 1. The plaintiff identified all four John Doe defendants and the Jane Doe defendant as correctional officers at Waupun Correctional Institution. Id. at 1. After the defendants appeared and answered the complaint, the court issued a scheduling order. Dkt. No. 14. The order required that by January 26, 2018 (two months from the date of the scheduling order), the plaintiff had to identify the Doe defendants and a file motion asking the court to substitute the defendants' proper names. Id. at 1. The order instructed the plaintiff to use discovery to identify the real names of the Doe defendants. Id.

      January 26, 2018 has come and gone, and the plaintiff has not filed a motion asking the court to substitute the real names of the Doe defendants. On February 13, 2018, however—over two weeks *after* the deadline the court had

set for the plaintiff to identify the Does—the court received from the plaintiff a document entitled "Motion for Discovery/Plaintiff's Request for Production of Documents." Dkt. No. 15. This motion asks the *defendants* to produce certain discovery, including "[t]he name of the correctional officer who searched the plaintiff's North Cell Hall housing," and various round logs. Id. The court also received, on February 20, 2018, another discovery motion directed to the defendants, as well as requests for admission directed to the defendants. Dkt. Nos. 16, 16-1.

In the November 22, 2017 scheduling order, the court stated that "[p]arties should serve discovery requests on the opposing parties, and must not file them with the court." Dkt. No. 14 at 1. The court said it more than once—it repeated on the second page that "[u]nder Federal Rule of Civil Procedure 5(d)(1), parties must serve discovery requests and responses—depositions, interrogatories, requests for documents or tangible things, and requests for admission—on the opposing party, and must not file them with the court . . . ." Id. at 2-3. Despite these orders, the plaintiff has filed discovery motions and demands, directed to the defendants, with the court. This is a violation of the court's scheduling order. The court will deny those motions (although the defendants are obligated under the Federal Rules of Civil Procedure to abide by their discovery obligations).

The court also notes that if the plaintiff planned to use these discovery demands to learn the identities of the Doe defendants, he should have served them sooner. The plaintiff had two months between the date the court issued

2

the scheduling order and the deadline for identifying the Doe defendants to serve discovery requests on the defendants. But the plaintiff's first set of demands is accompanied by a cover letter dated February 10, 2018—two weeks after the deadline for identifying the Does. Dkt. No. 15-1. The plaintiff's other discovery documents were accompanied by cover letters dated February 18, 2018—three weeks after the deadline. Because the plaintiff did not act in a timely fashion to identify the Doe defendants, and did not identify them by the deadline the court set, the court will dismiss the Doe defendants.

The court **ORDERS** that defendants Jane Doe and John Doe 1, John Doe 2, John Doe 3, and John Doe 4 are **DISMISSED**.

The court **DENIES** the plaintiff's motion for discovery. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 26th day of February, 2018.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**